IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-CR-223 |
| ABRAHAN NOA | Count 1: 18 U.S.C. § 1029(b)(2) (Conspiracy to Commit Access Device Fraud) |
| and | |
| OSVALDO BELLO VILLANUEVA, | Count 2: 18 U.S.C. § 1029(a)(3) (Access Device Fraud) |
| Defendants. | Count 3: 18 U.S.C. §1028A (Aggravated Identity Theft) |
| | Count 4: 18 U.S.C. §1028A (Aggravated Identity Theft) |
| | Forfeiture Notice |

**INDICTMENT**
<u>July 2019 Term – at Alexandria, Virginia</u>

**COUNT ONE**
(Conspiracy to Commit Access Device Fraud)

THE GRAND JURY CHARGES THAT:

*The Conspiracy*

1.   From in or about March 2017 to in or about September 2017, in the Eastern District of

Virginia and elsewhere, defendants ABRAHAN NOA and OSVALDO BELLO VILLANUEVA,

did unlawfully and knowingly conspire together, as well as with others known and unknown to

the Grand Jury, to knowingly and with intent to defraud, possess fifteen (15) or more counterfeit

or unauthorized access devices (as defined in Title 18, United States Code, Section 1029(e)

Subsections (1), (2) and (3)), in a manner affecting interstate commerce, contrary to Title 18, United States Code. § 1029(a)(3).

### Object of the Conspiracy

2.   The object of the conspiracy was for the defendants, ABRAHAN NOA and OSVALDO BELLO VILLANUEVA, to unlawfully obtain money, goods, or services, through the use of fraudulently obtained debit and credit card numbers.

### Manner and Means of the Conspiracy

3.   NOA, VILLANUEVA, and their coconspirators employed various manners and means in furtherance of the conspiracy, in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

   a.   It was a part of the conspiracy that conspirators attached electronic devices known as "skimmers" to gas pump points-of-sale (POS), i.e., the electronic components of gas pumps into which customers insert their credit and debit cards (collectively, "payment cards") to pay for gasoline purchases at gas stations.

   b.   It was further part of the conspiracy that the skimmers, once installed, captured the information stored on the magnetic stripes of payment cards inserted into the gas pump POS, such as the series of identifying numbers assigned to the cards (also known as the primary account number, or PAN), as well as information entered by the individuals who had inserted the cards into the gas pump POS, such as zip codes or personal identification numbers associated with the PAN.

   c.   It was further part of the conspiracy that conspirators retrieved the information captured by the installed skimmers and used equipment to encode the fraudulently obtained

payment card information discussed above onto the magnetic stripes of physical cards, which were then to be used to unlawfully acquire money, goods, or services.

### Overt Acts

4. In furtherance of the violations of Title 18, United States Code, Section 1029(a)(3) that was the object offense of this conspiracy, NOA and VILLANUEVA, together with others known and unknown to the Grand Jury, committed within the Eastern District of Virginia and elsewhere the following overt acts, among others:

   a. On or about March 8, 2017, NOA, VILLANUEVA, and a third individual drove to a Hess gas station located at 5652 Columbia Pike, Falls Church, Virginia, and downloaded debit and credit card PAN numbers and associated account information from skimmers attached to the gas pump POS on gas pumps #1 and #3.

   b. On or about March 8, 2017, NOA, VILLANUEVA, and a third individual drove to the Exxon gas station located at 2316 Shirlington Rd., Alexandria, Virginia, and downloaded debit and credit card PAN numbers and associated account information from a skimmer attached to the gas pump POS on gas pump #4.

   c. On or about March 8, 2017, the defendants, NOA and VILLANUEVA, possessed a laptop computer that contained over 4,000 debit or credit card PAN numbers and associated account numbers, with at least 15 debit or credit card PAN numbers on the laptop being identical to PAN numbers that were located on at least one of the three skimmers installed unlawfully on the gas pumps at the Exxon gas station located at 2316 Shirlington Road in Alexandria, Virginia and the Hess gas station at 5652 Columbia Pike, Falls Church, Virginia.

d.  On or about March 8, 2017, NOA possessed, among other items, a debit card with Abrahan Noa's name on the face of the card, but bearing a magnetic strip containing the Capital One Bank, NA, PAN number xxxx-xxxx-xxxx-3498, belonging to A.M. A.M.'s name and PAN number were also found on the laptop computer in NOA and VILLANUEVA's possession.

e.  On or about March 8, 2017, NOA possessed, among other items, a card bearing a magnetic strip containing the BB&T PAN number xxxx-xxxx-xxxx-7962, belonging to J.B. J.B.'s name and PAN number were also found on the laptop computer in NOA and VILLANUEVA's possession.

(All in violation of Title 18, United States Code, Section 1029(b)(2))

## COUNT TWO

(Access Device Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in Count One above are repeated, realleged, and incorporated as if set forth fully herein.

2. On or about March 8, 2017, in the Eastern District of Virginia and elsewhere, ABRAHAN NOA and OSVALDO BELLO VILLANUEVA, and others known and unknown to the Grand Jury, knowingly and with the intent to defraud, possessed 15 or more counterfeit or unauthorized access devices (as defined in Title 18, United States Code, Section 1029(e) Subsections (1), (2) and (3)), said possession affecting interstate or foreign commerce. (In violation of Title 18, United States Code, Section 1029(a)(3) and (c)(1)(A)(i).)

## COUNT THREE

(Aggravated Identify Theft)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in Count One above are repeated, realleged, and incorporated as if set forth fully herein.

2. On or about March 8, 2017, in the Eastern District of Virginia and elsewhere, ABRAHAN NOA and OSVALDO BELLO VILLANUEVA did knowingly transfer, possess, or use, without lawful authority, a means of identification of another, to wit: Capital One Bank, NA, PAN number xxxx-xxxx-xxxx-3498, belonging to A.M, during and in relation to violations of Title 18, United States Code, Sections 1029(a)(3) & (b)(2), as charged in Counts One and Two of this indictment.

(In violation of Title 18, United States Code, Section 1028A(a)(1))

## COUNT FOUR

(Aggravated Identify Theft)

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations in Count One above are repeated, realleged, and incorporated as if set forth fully herein.

2. On or about March 8, 2017, in the Eastern District of Virginia and elsewhere, ABRAHAN NOA and OSVALDO BELLO VILLANUEVA did knowingly transfer, possess, or use, without lawful authority, a means of identification of another, to wit: BB&T PAN number xxxx-xxxx-xxxx-7962, belonging to J.B., during and in relation to violations of Title 18, United States Code, Sections 1029(a)(3) & (b)(2), as charged in Counts One and Two of this indictment. (In violation of Title 18, United States Code, Section 1028A(a)(1))

7

## FORFEITURE NOTICE

1.  The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2.  Upon conviction of the offense in violation of Title 18, United States Code, Sections 1029(a)(3) & (b)(2) set forth in Counts One and Two of this Indictment, the defendants, ABRAHAN NOA, and OSVALDO BELLO VILLANUEVA, shall forfeit to the United States of America --

(A) pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s);

(B) pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

The property to be forfeited includes, but is not limited to: a minimum of $100,000 USD

3.  If any of the property described above, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of

8

substitute property pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2)

and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) and 28 U.S.C. § 2461(c).


A TRUE BILL

FOREPERSON


By:
G. Zachary Terwilliger
United States Attorney


Steven T. Brantley
Special Assistant United States Attorney
William Fitzpatrick
Assistant United States Attorney

9

incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2)

and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
FOREPERSON

G. Zachary Terwilliger
United States Attorney

By: _____
Steven T. Brantley
Special Assistant United States Attorney
William Fitzpatrick
Assistant United States Attorney